**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111860

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIANNA A. FUOCO,<br><br>Plaintiff,<br><br>vs.<br><br>AVANTEUSA LTD. and CASCADE RECEIVABLES MANAGEMENT, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BRIANNA A. FUOCO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against AVANTEUSA LTD. and CASCADE RECEIVABLES MANAGEMENT, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.    Plaintiff is an individual who is a citizen of the State of New York.

6.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.    On information and belief, Defendant AVANTEUSA LTD's principal place of business is located in Houston, Texas.

8.    On information and belief, Defendant CASCADE RECEIVABLES MANAGEMENT, LLC's principal place of business is located in Petaluma, California.

9.    Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.    Defendants allege Plaintiff owes a debt ("the debt").

12.    The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13.    Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

14.    Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15.    In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the letter") dated September 2, 2016. ("Exhibit 1.")

16.    The letter was the initial communication Plaintiff received from Defendants.

17.    The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)

18.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19.    15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

20.     The letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

21.     Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)

22.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

23.     15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

24.     The letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

25.     Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)

26.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27.     15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

creditor.

28.     The letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

29.     Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

30.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

31.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

32.     One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

33.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

34.     A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

35.     Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

36.      Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

37.     When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

38.     The letter fails to explicitly identify the name of the creditor to whom the debt is owed.

39.     The letter fails to identify by name and label any entity as "creditor," "original

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

creditor," "current creditor," "account owner" or "creditor to whom the debt is owed."

40.     The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

41.     The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

42.     Plaintiff was confused as to the name of the creditor to whom the debt is owed.

43.     Plaintiff was uncertain as to the name of the creditor to whom the debt is owed.

44.     Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

45.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

49.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

50.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

51.     The letter can be reasonably read by the least sophisticated consumer to mean that the creditor to whom the debt is owed is AVANTEUSA LTD.

52.     The letter can be reasonably read by the least sophisticated consumer to mean that the creditor to whom the debt is owed is CASCADE RECEIVABLES MANAGEMENT, LLC

53.     The letter can be reasonably read by the least sophisticated consumer to mean that the creditor to whom the debt is owed is LACKAWANA EMERGENCY GROUP.

54.     Because the letter is reasonably susceptible to an inaccurate reading, as described

5

above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

55.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

56.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

57.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

58.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.     Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b.     Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.     Plaintiff's actual damages; and

d.     Plaintiff's costs; all together with

e.     Such other relief that the Court determines is just and proper.

DATED: September 19, 2016

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111860